Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 13, 2012, which denied defendant East 163rd LLC’s motion for summary judgment dismissing the complaint as against it, affirmed, without costs.
Plaintiff alleges that he slipped and fell on a wet substance that was on the stairway of defendant’s apartment building. Defendant moved for summary judgment on the ground that it did not create or have actual or constructive notice of the hazard. In support of the motion, defendant submitted the deposition testimony of its superintendent about the building’s regular janitorial schedule. However, it offered no evidence that the schedule was followed on the day of the accident (see Williams v New York City Hous. Auth., 99 AD3d 613 [1st Dept 2012]). Moreover, constructive notice remains an issue in this case because defendant made no showing as to when the stairway was last inspected before plaintiffs accident (see e.g. Aviles v 2333 1st Corp., 66 AD3d 432 [2009]). In Williams, we reversed an order granting a property owner’s motion for summary judgment holding that because the owner “failed to present competent evidence that [its] janitorial schedule was followed on the day of the accident, it did not show that it lacked constructive notice of the complained-of condition” (id. at 613). Defendant’s proof that a janitorial schedule merely existed does not suffice for purposes of showing that it was followed. Love v New York City Hous. Auth. (82 AD3d 588 [1st Dept 2011]), which the dissent cites, is distinguishable inasmuch as we noted in that case testimony by the Housing Authority’s caretaker that “she followed the janitorial schedule” (id. at 588 [emphasis added]).
Standing alone, proof that a “stairway was routinely cleaned on a daily basis” is not germane to the dispositive issue of lack *482 of notice of an alleged defective condition (Rivera v 2160 Realty Co., L.L.C., 10 AD3d 503, 505 [1st Dept 2004, Sullivan, J., dissenting], revd on other grounds 4 NY3d 837 [2005]).* This proposition is even supported by other cases the dissent cites. For example, it is no coincidence that in Rodriguez v New York City Hous. Auth. (102 AD3d 407, 407 [1st Dept 2013]), we based a finding of a lack of constructive notice of a dangerous condition on the testimony of a “caretaker who cleaned the building on the day before the early-morning accident” (id.). Accordingly, in Rodriguez the Housing Authority made a prima facie showing that a janitorial schedule not only existed but was followed at around the time of the accident. Similarly, in Pfeuffer v New York City Hous. Auth. (93 AD3d 470 [2012]), another case the dissent cites, the record included a caretakers’ logbook from the date of the accident. We noted that the logbook “[did] not indicate that a hazardous condition existed in any stairwells” within, at most, three hours before the accident (id. at 470-472). Concur — DeGrasse, Feinman and Clark, JJ.

 In Rivera, the Court of Appeals reversed this Court’s order finding no issue of fact as to constructive notice because the plaintiff admitted that the bottle he tripped over was not in the stairwell during the evening before his 5:00 a.m. accident (id. at 838). This admission involved the critical question of the condition of the premises within a reasonable time before the accident — a question the moving defendants did not address in this case, Williams or Aviles.